## Opinion of the Court.

The federal constitution requires the choice of a federal senator for six years, to be made at such a time as will not violate the right of the state to be represented by two senators "chosen by the legislature thereof for six years;" and, by U. S. Rev. St., s. 14, the duty of choosing a senator for a full term is assigned to the latest legislature that can perform the duty.

*To the Senate of New Hampshire:*

The undersigned have received an attested copy of a resolution, adopted by your honorable body on the eighth of the present month, requiring the opinion of the supreme court upon the question whether the existing legislature has the power and right to elect a person to represent the state in the senate of the United States for the term beginning March 4, 1883. The first inquiry is, whether this is an important question of law, on which the senate is authorized to require the opinion of the court. It is a question of law necessary to be determined by the senate in the performance of its duties as a branch of the legislature; and we see no reason to doubt that it is constitutionally entitled to our opinion. In giving such an opinion, the justices do not act as a court, but as the constitutional advisers of either branch of the legislature requiring their opinion; and it has never been considered essential that the question proposed should be such as might come before them in their judicial capacity. 126 Mass. 566; 53 N. H. 641.

"The senate of the United States shall be composed of two senators from each state, chosen by the legislature thereof for six years." U. S. Constitution, art. 1, s. 3. The right of each state is, not merely to be represented by two senators, but to be represented by two senators chosen by its legislature. The legislative duty of choosing senators is comprehended in the state right of being represented by senators chosen by the legislature. The senatorial term is six years. "Chosen by the legislature thereof for six years," is the language of the constitution. The primary right of the state is, not to be represented five years and nine months, or any other part of each senatorial term, by two senators chosen by the legislature, but to be represented during the whole of each term by two senators so chosen; and the manifest constitutional duty of the legislature is, to elect senators at such times that the state may be represented by two senators "chosen by the legislature thereof for six years." The constitution of the United States is the supreme law of the land; and so long as it remains in force in its present form, there can be no power, state or federal, legally capable of depriving a state of the right which the constitution gives it, or of relieving the legislature from the duty which the constitution

imposes upon it; and there is no more power legally to suspend the right and duty for a day than for six years, or forever. The next legislature, having no official existence until June, 1883, cannot elect a senator for the full term of six years beginning March 4, 1883. Therefore the refusal of the present legislature to elect a senator for that term would be a violation of the right of the state to be represented by two senators " chosen by the legislature thereof for six years." Such a refusal, leaving the state for three months represented by only one senator chosen by its legislature, would be as plainly unconstitutional as similar refusals leaving the state for all time without any senator so chosen.

If, by an aggressive act of any federal or state power, the states could be legally denied their senatorial rights for any part of a senatorial term, there would be no limit of the disfranchisement to which they would be liable. If a state can be constitutionally deprived of the right to have its vote given in the senate by members chosen by its legislature, it can be constitutionally deprived of its voice and vote in both houses of congress. A resolution of the federal senate, or an act of congress, refusing to admit to their seats any more senators from New Hampshire chosen by its legislature for six years, would, if carried into effect, violate the right of the state, but would not release the legislature from their electoral duty. The performance of that duty would show that the state did not assent to its own disfranchisement.

When a vacancy happens, by resignation or otherwise, during the recess of the legislature, the executive may make a temporary appointment until the next meeting of the legislature, which shall then fill the vacancy. Art. 1, s. 3. This power of temporarily filling vacancies by appointment is not a limitation of the right of the state or the duty of the legislature. It is the constitutional right of the state that no vacancy shall be caused by the refusal of the present legislature to choose a senator for six years.

The federal senate is the judge of the elections of its own members; and the legal presumption is, that it will admit a person duly qualified and legally elected. It is not and cannot be bound to a contrary course by any action that has been or can be taken by itself or by congress. Its published proceedings and debates furnish satisfactory evidence that it would admit a member chosen by the present legislature, and that the doctrine of disorganization, equally hostile to the rights of the states and the perpetuity of the Union, is not held by that learned and honorable body. But if it should turn out that we are mistaken in this, the electoral duty of the present legislature would not cease to be a constitutional one.

Congress has power to prescribe the time and manner of holding elections for senators. Art. 1, s. 4. And it has passed an act on the subject. U. S. Rev. St., ss. 14, 15. But as it cannot legally violate the constitutional right of the state to be represented by two senators chosen by the legislature, and as that right would be

violated by the refusal of the present legislature to elect, it is not necessary to inquire into the meaning or the validity of the act of congress. It may not, however, be out of place to express the opinion that it is constitutional, and cannot be construed to be a denial of the constitutional electoral duty of the present legislature. Section 15, prescribing the manner of election, has no bearing on the present question, which is a question of the time only. Section 14 fixes the time. It provides, in substance, that a senator shall be elected by the legislature which is chosen next preceding the beginning of a senatorial term. The legislature here intended is a body of men who are the legislature before the beginning of the senatorial term, and not a body of men who will be the legislature if they are alive three months after the beginning of the term. The legal meaning is easily and clearly settled by two elementary rules of interpretation. The first rule is, that the evil intended to be removed is strong evidence of the remedy intended to be provided. The evil was the election of senators at too early a day, by a legislature that was not the latest one that could elect for the full term of six years. The remedy was the fixing of such a time that the duty of electing for a full term should fall upon the latest legislature that could perform that duty. The other and equally decisive rule of interpretation is, that congress is presumed to have intended not to infringe constitutional rights, and to make a law that would be valid. The application of these rules leads to the conclusion that congress meant a legislature competent to perform the duty of maintaining the state right by electing a senator for the full term, and not a legislature incapable of performing that duty.

Congress has not power to disfranchise the state for adopting the present provisions of our constitution fixing the time when the legislature shall be elected, and the time when the official term of the legislature shall begin. Those provisions are valid, and the state cannot be legally deprived of its right to have a senator chosen by its legislature for a full term on the ground that the election of the legislature of June, 1883, occurs in November, 1882.

C. Doe.
Wm. L. Foster.
C. W. Stanley.
W. H. H. Allen.
Isaac W. Smith.
Lewis W. Clark.

Not having had an opportunity carefully to consider the question submitted by the honorable senate, and also being in doubt whether it is one upon which the opinion of the court may properly be required under the constitution, I make no answer and express no opinion.

I. N. Blodgett.

Concord, June 10, 1881.